IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES THOMPSON, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MIDLAND FUNDING LLC, and ) <br> MIDLAND CREDIT MANAGEMENT, INC., ) <br> ) <br> Defendants. ) | FILED: AUGUST 14, 2008 <br> 08CV4610 <br> JUDGE ANDERSEN <br> MAGISTRATE JUDGE SCHENKIER <br><br> TC |

## COMPLAINT

### INTRODUCTION

1.    Plaintiff James Thompson, Sr. brings this action to secure redress against unlawful collection practices engaged in by defendants Midland Funding LLC ("MFLLC") and Midland Credit Management, Inc. ("MCM").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).  Venue in this District is proper because defendants' collection activities occurred in this District.

### PARTIES

3.    Plaintiff James Thompson Sr. is an individual who resides in the Northern District of Illinois.

4.    Defendant MFLLC is a foreign limited liability company with offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

1

5. Defendant MCM is a foreign corporation with offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

6. Both MFLLC and MCM are subsidiaries of a public company, Encore Capital Group, Inc.

7. MFLLC claims that it is engaged in the business of purchasing charged-off consumer debts and enforcing the debts against the consumers.

8. Such debts are often referred to as "zombie debts." Eileen Ambrose, "Zombie Debt; Debt Can Come Back to Haunt You Years Later," The Baltimore Sun, May 6, 2007, p. 1C ("Zombie debt is just that - an old debt that won't die off. It may be passed from one debt buyer to another, for years, until one day consumers are startled to find a collector demanding payment.").

9. Defendant MCM operates a collection agency, collecting debts allegedly owed to MFLLC and other subsidiaries of Encore.

10. MFLLC uses the mails and telephones to conduct its business.

11. MCM uses the mails and telephones to conduct its business.

12. According to court records, more than 1,000 lawsuits have been filed in Illinois by MFLLC this year.

13. MFLLC is a debt collector within the meaning of the FDCPA.

14. MCM is a debt collector within the meaning of the FDCPA.

15. According to the SEC filings of Encore, "[f]rom our inception through December 31, 2007, we have invested over $936.2 million to acquire 22.3 million consumer accounts with a face value of approximately $32.7 billion." (Report on SEC Form 10-K for year ending December 31, 2007, original page 3). This is an average of 2.8 cents on the dollar.

## FACTS

16. Defendants have been attempting to collect from plaintiff a purported credit card debt incurred for personal, family or household purposes. Defendants claim that the

original creditor was First North American National Bank, that the account number was 4146820001472883, and that MFLLC purchased the debt and assigned it account number 8513258353. MCM has been attempting to collect the alleged debt.

17. On February 19, 2008, MFLLC filed a lawsuit against plaintiff in the Circuit Court of Cook County to collect the alleged debt. A copy of the complaint is attached as Appendix A. The complaint claimed a "balance due Plaintiff of $5,826.90."

18. The complaint had attached to it an affidavit (Appendix B) dated June 28, 2007 in which an employee of MCM stated, "based upon my personal knowledge":

   a. "[T]here was due and owing to Midland Funding LLC the sum of $5,826.90."

   b. "That the final statement of account reveals that the defendant owed a balance of $6,448.70 on 4/26/2005; and that such balance will continue to earn interest at a rate of 5%.... I affirm that the final statement of account is true and correct."

19. The complaint also had attached to it a purported statement (Appendix C) from MCM stating that as of January 19, 2007 the balance owed was $6,327.78 and was accruing interest at 5%.

20. To summarize these numbers:

| Date | Alleged Amount |
|---|---|
| 4/26/05 | $6,448.70 |
| 1/19/07 | $6,327.78 |
| 6/28/07 | $5,826.90 |

21. These numbers are mathematically impossible if the debt is increasing at the rate of 5% per annum.

22. In truth and in fact, the affiant who executed Appendix B had no "personal knowledge" of anything relating to the alleged debt and signed an affidavit that contained

3

patently false statements.

23. Defendants acquire essentially no documentation for the 2.8 cents on the dollar that they pay for debts. If they wanted documentation of alleged debts they would have to pay more.

24. To supply the self-inflicted deficiency, defendants have their employees prepare and file large numbers of affidavits similar to Appendix B, in which they claim to have "personal knowledge" that consumers owe money. These affidavits are false and fraudulent.

25. Affidavits similar to Appendix B are filed in all collection lawsuits that MFLLC files in Illinois.

26. On July 29, 2008, MFLLC dismissed its action without prejudice.

## VIOLATION ALLEGED

27. The preparation and filing of affidavits in the form represented by Appendix B violates 15 U.S.C. §§1692e, 1692e(2), and 1692e(10).

28. Section 1692e provides:

> **§ 1692e.** False or misleading representations [Section 807 of P.L.]
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of--
>
> (A) the character, amount, or legal status of any debt . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against defendants for:

    a. Statutory damages;

    b. Actual damages;

  c.  Attorney's fees, litigation expenses and costs of suit;

  d.  Such other and further relief as the Court deems proper.

_____<br>Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Cassandra P. Miller  
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC  
120 S. LaSalle Street, Suite 1800  
Chicago, Illinois 60603  
(312) 739-4200  
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____<br>Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# APPENDIX A



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MIDLAND FUNDING LLC  
    Plaintiff

vs.

JAMES THOMPSON, SR  
    Defendant

No.

Return Date:

contract  
Amount claimed: $5,826.90  
Plus court costs

### COMPLAINT

NOW COMES the Plaintiff, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1. The Defendant(s) utilized a charge account and/or line of credit issued by Plaintiff or its assignors whereby Defendant(s) could charge goods and services to their account and/or receive cash advances.

2. The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $5,826.90.

3. Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

WHEREFORE, Plaintiff prays for judgment against the Defendant(s) in the amount of $5,826.90 plus interest and court costs.

Blitt and Gaines, P.C.  
Attorney for Plaintiff  
661 Glenn Avenue  
Wheeling, IL 60090  
(847) 403-4900  
32887

This is an attempt to collect a debt and any information will be used for that purpose.

07-26256-0  
3850-04

# APPENDIX B

07-26256

<u>Form 409 (Illinois & Indiana)</u>

State of _____ )
                       ) ss.
County of _____ )

In _____ Court

_____ Judicial (Circuit/District)

Midland Funding LLC,
                Plaintiff
Vs.
                                         Affidavit

JAMES THOMPSON,
                Defendant

After first being sworn upon oath, Elizabeth Neu, deposes and states as follows:

1. I am employed by Midland Credit Management, Inc., servicer of this account on behalf of Midland Funding LLC. I make the statements herein based upon my personal knowledge. Midland Funding LLC is the current owner of, and/or successor to, the obligation sued upon.

2. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc.'s account number 8513258353, which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty(30) days prior to making this affidavit; that the attorneys representing plaintiff Midland Funding LLC were retained on Midland Funding LLC behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to Midland Funding LLC the sum of $5,826.90.

3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's FIRST NORTH AMERICAN NATI account number, 4146820001472883, to the plaintiff.

4. That the final statement of account reveals that the defendant owed a balance of $6,448.70 on 4/26/2005; and that such balance will continue to earn interest at a rate of 5% as an annual percentage rate calculated as required by the Federal Truth In Lending Act, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

<u>Form 409 (Illinois & Indiana)</u>

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make payments on the account, and that plaintiff has made demand for the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

Dated this 28 day of June, 2007.

Elizabeth Neu

_____
Affiant's Signature

State of Minnesota
County of Stearns
Subscribed and sworn to (or affirmed) before me on this 28 day of June 2007
by Elizabeth Neu personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
(SEAL)

BERNICE EVELYN THELL
Notary Public-Minnesota
My Commission Expires Jan. 31, 2011

_____
Notary Public for the State of Minnesota

Blitt & Gaines, P.C.

# APPENDIX C

| STATEMENT | | | |
|---|---|---|---|
| MCM Account #: 8513258353 | | | Previous Balance: $5,826.90 |
| Original Account #: 4146820001472883 | | | Interest Rate: 5.00% |
| Statement Date: 01-19-2007 | | Due Date: 02-18-2007 | Accrued Interest: $500.88 |
| Current Owner: Midland Funding LLC | | Original Creditor: FIRST NORTH AMERICAN NATI | New Balance: $6,327.78 |
| Due Date | Date Received | Transactions | Amount |
| 02-18-2007 | 01-19-2007 | The above referenced account was purchased by Midland Funding LLC and is serviced by Midland Credit Management, Inc.("MCM"). The balance of $6,327.78 is due now.<br><br>Please direct all correspondence to: Midland Credit Management, Inc. | $6,327.78 |
| | | | New Balance: $6,327.78 |

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.